UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In the Matter of the**<br><br>**YELLOW LINE CASES**<br>**Arising out of the Events of January 12, 2015**<br><br>**LEAD CASE:**<br>*Glover, et al. v. Washington Metropolitan Area Transit Authority*<br><br>**THIS DOCUMENT RELATES TO:**<br>*A.V., a minor, by her parents and next friends, Ivana Uskokovic and Peter Vanderberg v. Washington Metropolitan Area Transit Authority* | Civil Action No. 1:15-mc-989-TSC-GMH |
| **A.V., a minor, by her parents and next friends, IVANA USKOKOVIC and PETER VANDERBERG,**<br>**800 4TH Street, SW, Unit 5506**<br>**Washington, D.C. 20024**<br><br>    *Plaintiff,*<br><br>  v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**<br>**300 7th Street SW**<br>**Washington, D.C. 20024**<br><br>    *Defendant.* | Civil Action No: 1:23-cv-1184 |

## COMPLAINT

**COME NOW**, Plaintiffs Ivana Uskokovic and Peter Vanderberg, as parents and next friends of minor A.V., and for their Complaint against Defendant Washington Metropolitan Area Transit Authority ("WMATA"), state as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA pursuant to WMATRC Article XVI § 81, codified in the District of Columbia as D.C. Code Ann. § 9-1107.10(80).

2. Venue in this Court is proper as the alleged negligent acts and/or omissions occurred in the District of Columbia.

## PARTIES

3. Plaintiff Ivana Uskokovic is an adult citizen and resident of the District of Columbia and is the biological mother and next friend of A.V., a minor, born on February 10, 2015.

4. Plaintiff Peter Vanderberg is an adult citizen and resident of the District of Columbia and is the biological father and next friend of A.V., a minor, born on February 10, 2015.

5. Defendant is the Washington Metropolitan Area Transit Authority ("WMATA").

## FACTS COMMON TO ALL COUNTS

6. On or about January 12, 2015, at or near the L'Enfant Plaza Metro Station, WMATA Yellow Line Train 302 became disabled and was stopped in the tunnel, just past the aforementioned metro station.

7. While Yellow Line Train 302 was disabled in the tunnel, the occupants of the metro train were instructed to remain inside the train and await further instructions.

8. The occupants of Yellow Line Train 302 remained in the tunnel for approximately forty-five (45) minutes as the tunnel began to fill with smoke.

9. Ivana Uskokovic was eight (8) months pregnant with the minor child, A.V., while

she was a passenger on Yellow Line Train 302, where she and the minor child were exposed to smoke and other materials, while the train was disabled and stopped in the tunnel.

10. Ivana Uskokovic has initiated her own lawsuit for her alleged injuries and damages with said lawsuit styled, *Ivana Uskokovic v. Washington Metropolitan Area Transit Authority*, Civil Action no. 1:18-cv-00067-TSC, as part of or in relation to the Master Case styled *In the Matter of the Yellow Line Cases*, United States District Court for the District of Columbia, Master Case no. 1:15-mc-00989-TSC-GMH (the "Lawsuit").

11. Plaintiffs Ivana Uskokovic and Peter Vanderberg bring this claim to pursue monetary damages by and on behalf of their minor child, A.V., who also alleges to have been exposed to smoke, and other materials, while in utero, which has caused certain damages to the minor, A.V.

## COUNT I - NEGLIGENCE

12. The proceeding paragraphs are realleged and incorporated by reference herein.

13. At all times relevant hereto, WMATA owned, controlled, operated, managed, repaired, evaluated, maintained and oversaw the operation, maintenance and inspection of the metro system, including Yellow Line Train 302.

14. At all times relevant hereto, WMATA had a duty to operate, maintain, and inspect the metro cars and the tunnels in a safe manner in the metro system.

15. At all times relevant hereto, WMATA, as a common carrier, owed a duty of care to Plaintiffs, by and on behalf of the minor child, A.V.

16. At all times relevant hereto, WMATA breached its duty in some or all of the following ways:

    a. By failing to properly inspect and maintain the third rail running through the relevant section of tunnel;

    b. By failing to proper inspect and maintain the ventilation system for the relevant section of tunnel;

    c. By failing to properly calibrate its radio equipment to be compatible with FEMS despite having clear notice of its non-compliance;

    d. By failing to equip its metro cars, such as Yellow Line Train 302, with safety equipment adequate for emergencies of this nature;

    e. By failing to timely notify FEMS that electricity had been shut off to the third rail in the relevant section of tunnel;

    f. By failing to timely evacuate Yellow Line Train 302 if and when it was determined that the train could or would not move its cars were filling with smoke; and

    g. By otherwise negligently, carelessly, and wrongfully failing to take reasonable precautions to protect its passengers from injury.

17. As a direct and proximate result of Defendant WMATA's negligence, the minor child, A.V. was exposed to smoke and other materials, which have caused injuries to the minor.

**WHEREFORE**, Plaintiffs Ivana Uskokovic and Peter Vanderberg, as parents and next friends of the minor child, A.V., demand judgment against Defendant and in favor of Ivana Uskokovic and Peter Vanderberg as parents and next friends of A.V., for the benefit of the minor child.

Date: April 28, 2023    Respectfully submitted,

/s/ Harvey S. Williams

Harvey S. Williams
Williams Legal Group
2300 Wisconsin Avenue, NW, Suite 100A
Washington, D.C. 20007
Tel: (202) 462-5900
hsw@williamslegalgroup.com
*Counsel for Plaintiffs*

5